IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**VICTOR DEWAYNE JONES**                                                      **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 2:11cv44-MTP**

**GLORIA PERRY and RONALD WOODALL**                        **DEFENDANTS**

**ORDER**

This order addresses Plaintiff's [34] Motion for Appointment of Counsel and his [35] Motion to Add Evidence and Facts of Evidence. Having considered the motions and the entire record in this matter, as well as the applicable law, the Court finds that the [34] motion to appoint counsel should be denied and that the [35] motion to add evidence and facts of evidence should be granted.

**DISCUSSION**

**I.**

**APPOINTMENT OF COUNSEL**

This is a prisoner civil rights cause of action. There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. *Salmon v. Corpus Christi Independent School District*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not authorize the Court to make coercive appointments of counsel. *See Mallard v. U.S. Dist. Court for the So. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no

constitutional or statutory right to appointed counsel. *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer*, 691 F.2d at 212 (5th Cir. 1982). Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213.

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the Court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus, the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213.

This Court is given considerable discretion in determining whether to appoint counsel. *Id.* at 211. Under the circumstances presented in the instant case, the Court has determined that Plaintiff's pleadings contain no novel points of law which would indicate the presence of "exceptional circumstances." Indeed, the complaint and other documents filed by Plaintiff present rather straightforward claims arising from alleged deliberate indifference to serious

medical needs and the alleged failure to provide adequate medical care.  Contrary to Plaintiff's assertions in his motion, the issues are not complex and do not merit or justify the appointment of counsel.

Plaintiff also argues that his imprisonment will limit his ability to litigate and assistance would be helpful in presenting evidence and examining witnesses.  However, the pleadings show that Plaintiff is able to effectively communicate and present his side of the case.

Indeed, Plaintiff appeared at an Omnibus Hearing, *see* docket entry [32], during which he was able to set forth his claims.  He has also filed the [35] motion to add evidence and facts of evidence presently before the Court, in which he cites legal authority and makes legal argument.

Plaintiff's motion simply does not establish any "exceptional circumstances."  Therefore, counsel will not be appointed to the Plaintiff at this juncture of the proceedings.

**II.**

**MOTION TO ADD EVIDENCE AND FACTS OF EVIDENCE**

Plaintiff also seeks to add materials in support of his cause of action.  This request is similar to those made prior to the omnibus hearing.  *See* docket entries [20] [21].

Accordingly, **IT IS ORDERED**:

Plaintiff's [34] Motion for Appointment for Counsel is **DENIED**.

Plaintiff's [35] Motion to Add Evidence and Facts of Evidence is **GRANTED**.  The materials are now a part of the record and will be considered to the extent appropriate under the applicable rules.

Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may

result in the dismissal of this case.

      **SO ORDERED** this the 10th day of January, 2012.

                                        <u>s/Michael T. Parker</u>
                                        United States Magistrate Judge