IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

VICTOR DEWAYNE JONES					PLAINTIFF

V.							CIVIL ACTION NO. 2:11-CV-44-MTP

GLORIA PERRY, *et al.*					DEFENDANTS

**OPINION AND ORDER**

THIS MATTER is before the court on the Motions for Summary Judgment [41][44] filed by Defendants Dr. Ron Woodall and Dr. Gloria Perry. Having reviewed the submissions of the parties and the applicable law, the court finds that the Motions [41][44] should be GRANTED.

FACTUAL BACKGROUND

Plaintiff Victor Dewayne Jones is currently incarcerated in the South Mississippi Correctional Institution ("SMCI"), serving a forty-year sentence for two counts of sexual battery.[1] Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on March 1, 2011. Through his complaints, and as clarified during his *Spears*[2] hearing, Plaintiff alleged claims against Dr. Ron Woodall and Dr. Gloria Perry[3] for the unreasonable delay of adequate medical treatment and deliberate indifference to his medical needs. *See* Omnibus

---

[1] *See* MDOC database, http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=81756.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on October 25, 2011. Plaintiff's *Spears* transcript is cited herein as "Tr." *See* Tr. [44-4], filed on March 1, 2012.

[3] Defendants Mississippi Department of Corrections ("MDOC"), Wilkinson County Correctional Facility ("WCCF"), and East Mississippi Correctional Facility ("EMCF") were dismissed by Order [10] dated April 15, 2011.

Order [32].

On February 23, 2012, Defendant Dr. Perry filed her Motion for Summary Judgment [41]. On March 1, 2012 Defendant Dr. Woodall filed his Motion for Summary Judgement [44]. On or about March 26, 2012, Plaintiff Jones filed his responses [55][58] in opposition to the motions.

STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), or unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), are not enough to create real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a

local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

### Denial and/or Delay of Adequate Medical Care

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)).  The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 838.  Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 F. App'x at 965 (quoting *Domino*, 239 F.3d at 756).

Negligent conduct by prison officials does not rise to the level of a constitutional violation.  *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986).  Plaintiff is not entitled to the

"best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. CIVA 403CV141WHBJCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a plaintiff's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazan*a, 122 F. 3d 286, 292 (5th Cir. 2001).

To establish an Eighth Amendment violation for delay in medical care, Plaintiff must show deliberate indifference to his serious medical needs and that the delay resulted in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir . 1993).  "Mere delay in receiving care is not in and of itself a constitutional violation." *Id.* at 195.  Plaintiff's disagreement with the "speed, quality, or extent of medical treatment or even negligence do not give rise to a Section 1983 claim." *Davis v. Gusman,* 2010 U.S. Dist. LEXIS 41550, 49 (E.D. La., 2010).   "[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." *Id.* at 49-50; *see also Mendoza,* 989 F.2d at 193 (finding a prisoner's disagreement with the type or timing of medical services provided cannot support a Section 1983 claim).

### *Dr. Woodall*

Plaintiff claims that Dr. Ron Woodall, the Medical Director at SMCI, saw him for the first time in August 2010, shortly after his arrival at SMCI, for severe pain from gallstones. *See* Tr. at 11. Plaintiff claims Dr. Woodall was deliberately indifferent to his medical needs and also unreasonably delayed the surgical procedure to remove the gallstones that were causing the pain. *Id.* at 15-16. Plaintiff alleges that Dr. Woodall was fully aware of his suffering and failed to take the necessary steps to provide adequate medical care. *Id.*

It is undisputed that Dr. Woodall prescribed Plaintiff Ibuprofen, Tylenol, and Naproxen, which are used to treat pain; however, Plaintiff claims that these medications did not help. *Id.* Plaintiff claims that he requested, but did not receive, stronger pain medication. *Id.* Plaintiff also claims that Dr. Woodall unreasonably delayed treatment by not sending him to have the gallstones removed surgically at an earlier date. *Id.* at 17. Plaintiff ultimately had his gallbladder successfully removed on April 18, 2011. *See* Ex. A to Motion [44-1].

In his motion and supporting affidavit, Dr. Woodall states that he is familiar with the medical treatment provided to Plaintiff at SMCI, and that he believes he has "received the appropriate medical care and there was no undue delay in arranging for an outside consultation." Ex. A to Motion [44-1]. Dr. Woodall recommended a specialty care consultant on October 18, 2010. *Id.* Dr. Woodall maintains that Plaintiff successfully had gallbladder surgery on April 12, 2011 and "was treated symptomatically" in the period of time leading up to that date. *Id.* Plaintiff was given the previously mentioned medications as needed and the record shows that this was also the treatment given to Plaintiff by the doctors that he saw prior to Dr. Woodall. *Id.*

According to Dr. Woodall, the medications given to Plaintiff were appropriate for his condition. *Id.* Dr. Woodall maintains that Plaintiff was repeatedly treated by himself and other doctors for gallstones, and that recurrent pain is a common problem for patients with Plaintiff's medical condition. *Id.* Dr. Woodall states that although he recommended a "speciality care consultation," he is "not authorized to schedule offsite visits with a specialist." *Id.*

Plaintiff has been treated by multiple doctors on multiple occasions for this pain. *See* Ex. C [47] to Motion [44]; Ex. B [50] to Motion [41]. Plaintiff's disagreement with the medication prescribed by Dr. Woodall, or his method of examination, treatment, and/or diagnosis for his

6

ailments, does not rise to the level of a constitutional violation. *See Norton*, 122 F.3d at 292. Even if Dr. Woodall continued to prescribe the same medication for Plaintiff after Plaintiff explained that it was not as effective as he desired, that does not amount to deliberate indifference. *See Daniels*, 474 U.S. at 333-34.

Dr. Woodall also recommended that Plaintiff be examined by an outside consultant; however, he was not authorized to schedule off-site visits with the specialist. Plaintiff was subsequently seen by specialist and his gallbladder was removed. The record does not support Plaintiff's claim that Dr. Woodall was deliberately indifferent to his medical needs or otherwise responsible to any alleged delay in treatment.

In order to establish a constitutional violation for delay of medical treatment, Plaintiff must not only prove deliberate indifference, he must show that it resulted in substantial harm. *Mendoza*, 989 F.2d at 193. Plaintiff claims that the six-month delay between October 2010, when Dr. Woodall recommended a specialty care consultation, and April 2011, when the surgery was completed, was an unreasonable delay in medical treatment. *See* Tr. at 17. According to a letter written to Plaintiff by Defendant Dr. Gloria Perry, the Plaintiff was granted surgery in a reasonable and timely manner and he has since made a full, complete recovery. *See* Ex. E to Motion [44-5]. After a post-surgery evaluation on May 5, 2011, the surgeon found that the operation was successful and sent Plaintiff home. *Id.*; *see also* Medical Records [47] at 201; Ex. A [44-1].

Plaintiff also had two additional follow-up evaluations by a gastroenterologist which included blood tests to check the pancreas and liver followed by an MRI of the abdomen, all of which showed a successful operation and recovery. *Id.* Dr. Woodall treated Plaintiff with pain

7

medication from their first meeting until the time of Plaintiff's successful operation. *Id.* Although Plaintiff did not agree that the treatment was adequate, neither Plaintiff's disapproval nor a mere delay in surgery establishes a constitutional violation. *Davis* 2010 U.S. Dist. LEXIS at 49-50; *see also Mendoza*, 989 F.2d 193. The summary judgment evidence does not create any genuine issue of material fact or otherwise establish that any delay in medical treatment was the result of deliberate indifference or that it caused substantial harm.

In his opposition [58] and affidavit [55], Plaintiff expounds on his allegations against Dr. Woodall that he received inadequate and delayed treatment. Specifically, Plaintiff claims Dr. Woodall has prescribed inadequate medication for the severe pain resulting from his gallstones and unreasonably delayed the surgery to remove them. *Id.* However, as noted above, Plaintiff fails to establish any genuine issue of material fact or evidence that would satisfy the high standard of deliberate indifference.

For the foregoing reasons, Dr. Woodall is entitled to judgment as a matter of law.

<u>*Gloria Perry*</u>

Plaintiff alleges a claim against Defendant Dr. Gloria Perry for deliberate indifference to his medical needs in violation of the Eighth Amendment. Specifically, Plaintiff alleges that Perry did not properly respond to his medical condition and requests for medical care for gallstones. Defendant Perry is the Chief Medical Officer of the MDOC Office of Medical Compliance and the claims are brought against her in her official capacity and individually. *See* Omnibus Order [32].

Plaintiff alleges that Defendant Perry did not approve the surgery in a reasonable time after he requested it and thus was deliberately indifferent to the situation by delaying the appropriate treatment. *See* Tr. at 17-18. The claim against Perry was brought because she is in a

supervisory position and is charged with approving any and all such medical procedures. *Id.* Plaintiff wrote three letters to Perry during January and February of 2011. *Id.* at 13; *see also* [59-1]; Ex. A to Motion [41-1]. Plaintiff ultimately received approval from Perry on March 21, 2011. *See* Tr. at 14; Ex. A to Motion [41-1]; Ex. E to Motion [44-5]. Plaintiff's gallstones were successfully removed on April 18, 2011. *Id.*

According to Dr. Perry's sworn affidavit, Plaintiff's requests were initially received by her assistant and then filed into the Inmate Complaint Log, which was forwarded to the SMCI onsite medical staff for a monthly investigation and response. *See* Ex. A [41-1]. On March 21, 2011, Dr. Perry's office reviewed Plaintiff's medical record which included a request from the SMCI onsite medical staff for a surgical evaluation of gallstones. *Id.* Dr. Perry then scheduled a surgical evaluation for April 5, 2011, at which time an ultrasound revealed the presence of the gallstones. *Id.* Following the evaluation, the surgery was successfully conducted on April 18, 2011. *Id.* Plaintiff has failed to show deliberate indifference by Dr. Perry since surgery was scheduled soon after Dr. Perry had knowledge of the circumstances and Plaintiff was successfully treated for gallstones. As set forth above, Plaintiff was not denied treatment and the delay did not result in substantial harm.

For the foregoing reasons, Dr. Gloria Perry is entitled to judgment as a matter of law.

**Qualified Immunity**

Although Defendant Perry raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee,* 195 F.3d 234, 236 (5th Cir.

1999). Because the court finds that the Plaintiff's claims are not cognizable as constitutional claims, it declines to address the issue of whether Dr. Perry is entitled to qualified immunity. *Wells*, 45 F.3d at 93.

CONCLUSION

For the reasons stated above, the court finds that Defendants' Motions for Summary Judgment [41][44] should be GRANTED. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That the Moving Defendants' Motions [41][44] are GRANTED and this action is dismissed with prejudice.

2. A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

SO ORDERED this the 9th day of August, 2012.

s/ Michael T. Parker
United States Magistrate Judge